# Exhibit A

Case 8:21-cv-01431-DOC-JDE   Document 1-3   Filed 09/01/21   Page 2 of 12   Page ID #:17
Electronically Filed by Superior Court of California, County of Orange, 07/30/2021 04:42:36 PM.
30-2021-01213359-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

1 | MARLIS PARK, P.C.
Brent P. Marlis SB# 284654
2 |   E-Mail: brent@marlispark.com
Anona Su SB# 335059
3 |   E-Mail: anona@marlispark.com
3600 Wilshire Boulevard, Suite 1815
4 | Los Angeles, CA 90010
5 | Tel: 323-922-2000
Fax: 323-922-2000
6 |
7 | Attorneys for Plaintiff,
VERONICA RIVERA
8 |

9 |                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 |                       **FOR THE COUNTY OF ORANGE**

11 |

| | |
|---|---|
| VERONICA RIVERA, an individual; | Case No.:  30-2021-01213359-CU-OE-CJC |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | (1) FAILURE TO PAY COMPENSATION UPON SEPARATION IN VIOLATION OF CAL. LABOR CODE § 203 |
| MEDTRONIC USA, INC., a corporation; and DOES 1 through 50, | (2) DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA |
| Defendants. | (3) FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE FEHA |
| | (4) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA |
| | (5) RETALIATION IN VIOLATION OF THE FEHA |
| | (6) FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, OR RETALIATION IN VIOLATION OF THE FEHA |
| | (7) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |
| | DEMAND FOR JURY TRIAL |
| | **Assigned for All Purposes** |
| | Judge Walter Schwarm |

- 1 -
COMPLAINT FOR DAMAGES

Plaintiff VERONICA RIVERA (hereinafter "RIVERA" or "Plaintiff") for her Complaint against Defendants MEDTRONIC USA, INC., a Corporation; and DOES 1 through 50 (collectively "Defendants") alleges as follows:

## PARTIES

1. Plaintiff RIVERA is an individual residing in the State of California. Plaintiff RIVERA was an employee of Defendant MEDTRONIC USA, INC. at all relevant times herein mentioned.

2. On information and belief, Defendant MEDTRONIC USA, INC. is a Minnesota corporation organized and existing under the laws of the State of Minnesota and Plaintiff's employer at all relevant times herein mentioned.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 50, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint by inserting the true names and capacities of each such Defendants, with appropriate charging allegations, when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as "DOE" is responsible in some manner for the injuries suffered by Plaintiff and for damages proximately caused by the conduct of each such Defendants as herein alleged.

4. Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and/or agents, and are liable for the wrongful conduct of its employees and/or agents as alleged herein.

5. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, each defendant was an alter-ego of each and every other defendant. Unity of interest and ownership existed such that the separate personalities each of defendant never existed or ceased to exist. Further, if the acts are treated as those of one of the defendants alone, an inequitable result will follow. Accordingly, Plaintiff alleges that each defendant was an alter-ego of each and every other defendant and vice versa.

6. By way of this lawsuit, Plaintiff seeks to pierce the corporate veil and hold individual defendant liable for the acts of his alter ego. Individual defendant held and now holds substantial interest

1    in corporate defendants and should therefore be deemed to be corporate defendants' alter ego.

2    Corporate defendants were, and now still are, mere shells and naked frameworks which

3    individual defendant used, and now uses, as a conduit for the conduct of his personal business

4    and/or property affairs and/or obligor for the assumption of obligations and/or liabilities

5    incapable of performance by said corporate and/or entity defendants, which are the obligations

6    and liabilities of individual defendant.

7    7.  Plaintiff is informed and believes and thereon alleges that at all times material herein Defendant

8        employed and continues to employ five (5) or more persons in California and is an employer

9        covered by the Fair Employment and Housing Act ("FEHA") and the California Labor Code.

10   8.  Plaintiff has exhausted her administrative remedies. Plaintiff timely filed charges against

11       Defendant with the California Department of Fair Employment and Housing on July 30, 2021

12       and received a "Right-to-Sue" notice.

13                          **VENUE AND JURISDICTION**

14   9.  This Court has jurisdiction over this matter because Defendants conduct business in, and have

15       substantial contacts, within the State of California. Venue is proper in the County of Orange

16       because Plaintiff performed work for Defendants in the County of Orange.

17                          **FACTUAL ALLEGATIONS**

18   10. RIVERA started working for MEDTRONIC USA, INC. on or around March 9, 2020 and

19       continued working until she was unlawfully discharged on June 21, 2021.

20   11. RIVERA was hired as an Assembler 1 and earned $18.00 per hour. Her main job duty was to

21       assemble catheters.

22   12. On or around June 24, 2020, RIVERA was diagnosed with carpal tunnel syndrome. Plaintiff's

23       primary doctor placed her on work restrictions, which included limited use of her left hand, use

24       of left wrist splint as needed, and refrain from repetitive use of wrist for more than one hour a

25       day. Upon sending her work restriction via text to a supervisor, "John Paul Samson," he told

26       Plaintiff to contact "Matrix," an absence management company, to show them the note and ask

27       if she was eligible to go on a leave. Matrix approved her leave, and RIVERA went on medical

28       leave for around two weeks.

13. After RIVERA came back from her leave, Plaintiff resumed her normal work duties and was allowed to wear her splint at work. However, Plaintiff continued to experience pain in her wrist. Plaintiff informed her trainer "Christie" that she was experiencing pain in her wrist. Christie relayed the information to Plaintiff's supervisor, "Aldrin Atanacio." Plaintiff was sent home that day.

14. Defendants accommodated RIVERA by moving her to a different position. RIVERA was assigned to a new position as a production training coordinator. Her new job duties included certifying people in their positions, notify employees of any changes, instruct employees about safety measures, and walking around Defendants' premises. Plaintiff's new duties allowed her to sit down and use a laptop for work.

15. On or around October 2020, RIVERA opened a workers' compensation claim for her carpal tunnel syndrome through Law Office of Manuel Aguirre.

16. On or around November 19, 2020, RIVERA fell down the stairs at work and injured her ankle, knee, and back. Plaintiff immediately informed her lead, "Long Nguyen," of the accident. Plaintiff was immediately sent to the clinic. At the clinic, Plaintiff was again placed on work restrictions and was instructed not to use her knee for lifting and pushing or pulling up to 10 pounds. She was also required to use a splint to support herself. Plaintiff sent her work restriction to a supervisor, "Mike Bass."

17. After RIVERA submitted her work restrictions, Defendants attempted to accommodate her by keeping her in the same product training coordinator position.

18. On or around end of May or beginning of June 2021, RIVERA began to deal with acute exacerbation of asthma. One time, she was even rushed to the hospital because she was unable to breathe, became dizzy, and experienced chest pains due to asthma attacks. RIVERA began to see doctors for her acute exacerbation of asthma. Due to the uncontrollable nature and severity of the asthma attacks, she was put on multiple medications, such as steroids, to manage her condition.

19. Due to her acute exacerbation of asthma, RIVERA had to miss some days at work. On or around June 16, 2021, RIVERA texted her supervisor, Aldrin Atanacio, and asked if she could

1    go on a medical leave. Aldrin informed her that he would consult with Human Resources
2    department and let her know.

3    20. Aldrin did not respond to RIVERA about her request for medical leave until June 21, 2021. On
4    or around 2:20 p.m. on June 21, 2021, Aldrin told RIVERA, "My apologies for the very late
5    response. I just got advised that yes you can call Matrix for your asthma." However, a few
6    minutes later, around 2:46 p.m., RIVERA received a call from her supervisor, and "Leah Kirk"
7    from the Human Resources department informed RIVERA that she was terminated due to
8    absences.

9    21. RIVERA was not paid her final wages at the time of her termination. As of this date, RIVERA
10   has not received her final pay check.

11   22. Defendants terminated RIVERA's employment because of her disability, perceived disability,
12   medical leave and/or taking time off to recuperate.

13   23. Defendants did not engage RIVERA in a timely interactive process to determine whether
14   reasonable accommodations could be made. Instead, Defendants terminated her employment.

15   ## FIRST CAUSE OF ACTION

16   ## FAILURE TO PAY COMPENSATION DUE UPON SEPARATION

17   ### [California Labor Code § 203]

18   ### (All Defendants)

19   24. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

20   25. California Labor Code §§ 201 and 202 require Defendants to pay all compensation due and
21   owing to Plaintiffs immediately upon discharge or resignation or within seventy-two hours of
22   termination of their employment. California Labor Code § 203 provides that if an employer
23   willfully fails to pay compensation promptly upon discharge or resignation, then the employer
24   is liable for such "waiting time" penalties in the form of continued compensation up to thirty
25   workdays.

26   26. Defendants failed to pay Plaintiff's final wages. As a result, Defendants are liable to Plaintiff
27   for waiting time penalties provided under Labor Code § 203.

28

COMPLAINT FOR DAMAGES

1

**SECOND CAUSE OF ACTION**

2

**DISABILITY DISCRIMINATION**

3

**[Govt. Code § 12940(a), et seq.]**

4

**(Against All Defendants)**

5   27. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

6   28. At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), Government

7        Code § 12940, et seq., was in full force and effect and binding on Defendants. These statutes

8        make it unlawful to discriminate against an employee on-the-basis of a disability.

9   29. Defendants discriminated against Plaintiff on-the-basis of Plaintiff's disability by terminating

10       her employment while she was disabled. Defendants were aware that Plaintiff was suffering

11       from acute exacerbation of asthma. Defendants were aware of her disability yet did nothing to

12       accommodate her. Instead, Defendants terminated Plaintiff.

13  30. As a proximate result of Defendants' willful, knowing and intentional discrimination of

14       Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other

15       benefits.

16  31. As a proximate result of Defendants' willful, knowing and intentional discrimination of

17       Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

18       mental and physical pain and anguish, all to her damage in a sum according to proof.

19  32. Plaintiff is informed and believes and thereon alleges that Defendants' actions were taken with

20       malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were

21       carried out by Defendants' managing agents and/or ratified by Defendants. Plaintiff is therefore

22       entitled to punitive damages in an amount to be determined at trial as well as attorneys' fees.

23

**THIRD CAUSE OF ACTION**

24

**FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA**

25

**[Govt. Code § 12940(m)]**

26

**(Against All Defendants)**

27  33. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

28

- 6 -

COMPLAINT FOR DAMAGES

34. Under the FEHA, Defendants are required to engage in a timely, good faith, interactive process with an employee it believes has a disability or who, in fact, has a disability, to determine if that employee needs reasonable accommodations to perform the job.

35. By engaging in the course of conduct as alleged above, Defendants failed to provide Plaintiff with reasonable accommodations and it failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations to the extent she needed them in violation of the applicable provisions of Government Code §§ 12940, *et seq.*

36. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

37. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her der damage in a sum according to proof. Plaintiff is further entitled to recover attorneys' fees pursuant to the provisions of Government Code §§ 12940, *et seq.*

## FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

### [California Government Code § 12940(n)]

### (Against All Defendants)

38. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

39. As described herein, Defendants failed to engage in a good-faith interactive process with Plaintiff to determine wither it would be possible to implement effective reasonable accommodations.

40. As a proximate result of Defendant's failure to engage in a good-faith interactive process, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits. Plaintiff has further suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

1  41. Plaintiff is further entitled to recovery attorneys' fees pursuant to the provision of Government

2       Code § 12940, et seq.

3                           **FIFTH CAUSE OF ACTION**

4                   **RETALIATION IN VIOLATION OF THE FEHA**

5                      **[California Government Code §12940]**

6                           **(Against All Defendants)**

7  42. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

8  43. At all times herein mentioned, Cal. Gov. Code § 12940, et seq. ("the FEHA") was in full force

9       and effect and binding on Defendants. Accordingly, Defendants were required to refrain from

10      retaliating against Plaintiff for engaging in activities protected under the FEHA, including but

11      not limited to, taking a medical leave, requesting medical leave and/or complaining about

12      harassment.

13 44. Defendant's conduct described above is in violation of various statutes of this state, including

14      but not limited to, California Government Code § 12940(m). Plaintiff engaged in protected

15      activities and was subsequently terminated for doing so.

16 45. As a direct and legal result of Defendant's retaliation against Plaintiff, Plaintiff has suffered and

17      continues to suffer general, consequential, and special damages, including but not limited to,

18      substantial losses in earnings, other employment benefits, physical injuries, physical sickness,

19      as well as emotional distress, plus medical expenses, future medical expenses, and attorneys'

20      fees, in an amount according to proof.

21 46. The retaliation described herein was wrongful and justifies the imposition of punitive damages

22      since the retaliation was against public policy. Defendants committed the acts herein

23      maliciously, fraudulently and oppressively, with an evil intent and sinister plans with the

24      wrongful intention of injuring Plaintiff, and/or in conscious disregard of Plaintiff's rights by

25      retaliating against Plaintiff after complaining that she was being harassed. Moreover, Plaintiff is

26      informed and believes and thereon alleges that Defendants had in place policies and procedures

27      that specifically required Defendants' managers, officers, and agents, to prevent retaliation

28      against employees for exercising their rights under the FEHA. Defendants' managers, officers

COMPLAINT FOR DAMAGES

1    and/or agents were aware of Defendants' policies and procedures requiring Defendants'

2    managers, officers and agents to prevent retaliation against and upon employees of Defendant

3    for exercising their rights under FEHA. However, Defendants' managers, officers, and/or

4    agents, chose to consciously and willfully ignore said policies and procedures and therefore,

5    their outrageous conduct was fraudulent, malicious, oppressive and done in wanton disregard

6    for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Plaintiff

7    should therefore be awarded exemplary punitive damages against Defendants in an amount to

8    be established that is appropriate to punish Defendants and deter others from engaging in such

9    conduct. Based on the foregoing, Plaintiff is entitled to recover punitive damages from

10   Defendants in an amount according to proof.

11                              **SIXTH CAUSE OF ACTION**

12   **FAILURE TO PREVENT HARASSMENT, DISCRIMINATION OR RETALIATION**

13                        **[California Government Code § 12940(k)]**

14                              **(Against All Defendants)**

15   47. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

16   48. The FEHA requires employers to take all reasonable steps to prevent harassment, retaliation

17       and discrimination including the institution by employer of policies, procedures and practices

18       that include prompt and effective remedial procedures, and appropriate training, monitoring and

19       disciplinary measures.

20   49. Defendants' policies, procedures and practices were inadequate for preventing, monitoring and

21       remediation of harassment and retaliation. To the extent any such policies, procedures and

22       practices existed, employees, including supervisors, were insufficiently trained or made aware

23       of those policies and procedures for the policies and procedures to prevent retaliation and

24       discrimination from occurring. Once Defendants were made aware of harassing conduct as

25       reported by Plaintiff, they failed to take appropriate measures to prevent further harassment and

26       retaliation.

27

28

50. As a direct, foreseeable, and proximate result of Defendants conduct, Plaintiff has suffered lost income, employment career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

51. As a direct foreseeable and proximate result of Defendants conduct, Plaintiff has suffered emotional distress, the precise amount of which will be proven at trial.

52. The conduct which Plaintiff complains of in this Complaint was carried out by Defendants willfully, intentionally, and with oppression, malice and fraud and was carried out with conscious disregard of Plaintiff's rights. Plaintiff is entitled to an award of punitive damages according to proof. Under the FEHA, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants)

53. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

54. As described herein, Plaintiff's employment was terminated in violation of the fundamental public policies of the State of California including those set out in the California Fair Employment and Housing Act and the California Constitution. Specifically, Plaintiff's employment was terminated in violation of the FEHA as described above and in violation of the public policy set forth in Government Code section 12950.1.

55. As a direct and foreseeable result of the aforesaid acts of Defendants, Plaintiff lost and will continue to lose income and other benefits in an amount to be proven at trial. Plaintiff seeks back pay, front pay, and all other appropriate remedies. Plaintiff also incurred attorneys' fees and thereby claims such amount as damages, together with pre-judgment interest.

56. Because the acts taken toward Plaintiff by Defendant were deliberate, malicious and undertaken to injure Plaintiff, Plaintiff requests an assessment of punitive damages in an amount to be proven at trial.

COMPLAINT FOR DAMAGES

1    **PRAYER FOR RELIEF**

2        WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

3    (a) For general, special, compensatory damages;

4    (b) For reasonable attorneys' fees;

5    (c) For pre-judgment and post-judgment interest at the maximum legal rate;

6    (d) For costs of suit incurred;

7    (e) For such other and further relief as the Court deems just and proper.

8

9

10    DATED: July 30, 2021          MARLIS PARK, P.C.

11

12

13                  By: _____

14                      Brent P. Marlis
                  Anona Su

15                      Attorneys for Plaintiff,
                  VERONICA RIVERA

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES